## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| Dionte Young, | ) | |
| Plaintiff, | ) | 17 C 1914 |
| | ) | |
| vs. | ) | Honorable Judge |
| | ) | Sara Ellis |
| Tom Dart | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

NOW COMES, the Defendants Cook County Sheriff's Office, Thomas Dart, Cook County Jail, Officer J. Oomens, and Officer A. Sanchez, by and through their attorney, KIMBERLY M. FOX, State's Attorney of Cook County, through BIANCA B. BROWN, Assistant State's Attorney, and submits Defendants Answer to Plaintiff's Second Amended Complaint states as follows:

### INTRODUCTION

1.      This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the Eighth Amendment to the United States Constitution.   Plaintiff has suffered serious physical injury as a result of the deliberate indifference and/or willful and wanton actions of the defendants in establishing  and implementing inadequate policies, practices, and customs for the safety and security of pre-trial detainees while in holding facilities pending appearance before the Circuit Court of Cook County, and in failing to intervene in, and protect Plaintiff from, attack while in their custody.

**ANSWER: DENY**.

### PARTIES

2.      Plaintiff is, and has at all relevant times been, a resident of the State of Illinois. He is currently in the custody of the Illinois Department of Corrections at Sheridan Correctional

Center in Sheridan, Illinois.

**ANSWER: ADMIT**.

3.      Defendant Thomas J. Dart is the Cook County Sheriff.   As such, he was acting under color of law.  At all relevant times to the events at issue in this case, Defendant Dart maintained administrative and supervisory authority over the operations of all Cook County Sheriff's Police officers in Illinois.  At all relevant times, Defendant Dart promulgated rules, regulations, policies, and procedures of the Cook County Sheriff's Office.  Defendant  Dart  is sued in his official capacity.

**ANSWER: Admit.**

4.       Defendant Officer J. Oomens is, or at all relevant time was, a sworn correctional officer of the Cook County Sheriff's Office.

**ANSWER: Admit**.

5.       Defendant Officer A. Sanchez is, or at all relevant time was, a sworn correctional officer of the Cook County Sheriff's Office.

**ANSWER: Admit**.

6.      Defendant Does 1 – 5 inclusive are, or at all relevant times were, officers or employees of the Cook County Sheriff's Office who were also directly responsible for Plaintiff's custody at the relevant time and/or who were directly responsible of the security of the holding area and/or the detainees held therein.   The identities of those officers and employees are currently unknown to Plaintiff, but will be ascertained through discovery of

Defendant  Dart. (Defendants Oomens, Sanchez, and Does 1 – 5 are collectively referred to herein as the "Officer Defendants.")

**ANSWER: Deny**.

7.      At all times relevant to the events at issue in this case, the Officer Defendants were acting under color of law and within the scope of their employment with the Cook County Sheriff's Office.   Defendants Omens, Sanchez, and Does 1 – 5 are sued in their  individual capacities.

**ANSWER: Admit.**

## JURISDICTION AND VENUE

8.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

**ANSWER: Admit.**

9.      Venue is proper in this district under 28 U.S.C. § 1391(b) because the events giving rise to the claims asserted in this complaint occurred in this judicial district.

**ANSWER: Admit.**

## COMMON FACTS

10.      On November 7, 2016, while in the pre-trial custody of the Sheriff of Cook County ("Sheriff"), Plaintiff was placed in the Cook County Jail, Division 5 holding cell (often referred to as a "bullpen") while waiting to make an appearance before the Cook County Circuit Court in a pending criminal case.   Placed in the bullpen with Plaintiff were approximately 130 other persons also being held in the Sheriff's custody.  The detainees placed in the bullpen were not  individually  restrained  and  were  not  searched  for  weapons  prior  to being  placed  in  the bullpen.

**ANSWER: Deny**.

11.      At the time, the holding bullpen area was supervised by approximately six

(6) officers of the Sherriff's Office, including Correctional Officers Oomens and Sanchez.

**ANSWER: Deny**.

12.     As the time for their actual appearances neared, Plaintiff and the other detainees were removed from the bullpen cell and placed in a line awaiting movement to various courtrooms.  The detainees placed in line were not physically restrained, were not segregated by violent and non-violent status, and were not searched for weapons prior to their being removed from the holding cell.

**ANSWER: Deny**.

13.     While standing in line, Plaintiff was without provocation struck from behind by an unknown detainee assailant wielding an unknown blunt object as an improvised weapon.  The detainee assailant struck Plaintiff at least three times.   The detainee assailant was not restrained and, on information and belief, had not been searched.     Upon information and belief, the individual who attacked Plaintiff was a known violent inmate charged with murder.

**ANSWER:   Deny**.

14.     The officers supervising the bullpen area, including Officers Oomens and Sanchez, were in close proximity to Plaintiff at the time he was attacked and could or should have prevented or mitigated the attack.   In addition, the attack could have been  prevented  or mitigated if the assailant had been restrained and/or if the assailant had not been in possession of the improvised weapon.

**ANSWER: Deny**.

15.     The Officer Defendants failed to properly search inmates to ensure no weapons were present in the holding bullpen.

**ANSWER: Deny**.

16.     The Officer Defendants failed to properly restrain or segregate violent detainees from non-violent detainees.

**ANSWER: Deny**.

17.    The Officer Defendants failed to properly position themselves relative to known violent detainees to prevent or timely intervene during the attack.

**ANSWER: Deny**.

18.    As a result of the attack and the assailant's use of the improvised weapon, Plaintiff suffered serious physical injury to his face and head requiring immediate medical attention and serious injury and permanent damage to his left hand.

**ANSWER: Deny**.

## COUNT I – FAILURE TO INTERVENE
### (Eighth Amendment Claim for Damages and Declaratory Relief under 42 U.S.C. § 1983)

19.    Plaintiff repeats and re-alleges paragraphs 1 through 18 as if fully set forth in this Count.

20.    During the assailant's attack on Plaintiff, the individual Defendant Officers failed to intervene to prevent the violation of Plaintiff's constitutional rights, even though they had the opportunity and duty to do so.

**ANSWER: Deny**.

21.    The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice and/or knowing disregard for Plaintiff's clearly established constitutional rights, and not for any legitimate penological purpose.

**ANSWER: Deny**.

22.    As a direct and proximate result of the Defendants' failure to intervene, Plaintiff suffered damages, including bodily injury, pain, suffering, emotional distress, anguish, and humiliation.

**ANSWER: Deny**.

**COUNT II – FAILURE TO PROTECT**

**(Eighth Amendment Claim for Damages and Declaratory
Relief under 42 U.S.C. § 1983)**

23.     Plaintiff repeats and re-alleges paragraphs 1 through 22 as if fully set forth in this Count.

24.     The Officer Defendants failed to properly search inmates to ensure no weapons were present in the holding bullpen.

**ANSWER: Deny.**

25.     The Officer Defendants failed to properly restrain or segregate violent inmates from non-violent inmates.

**ANSWER: Deny**.

26.     The Officer Defendants failed to properly position themselves relative to known violent inmates to prevent or timely intervene during the attack.

**ANSWER: Deny**.

27.     The conditions described above posed a substantial risk of serious harm to Plaintiff that was known or apparent.   The Officer Defendants' actions demonstrate deliberate indifference to obvious and substantial risks to inmate safety.

**ANSWER: Deny**.

28.     The Officer Defendants' above-described actions and omissions were undertaken with malice and/or reckless disregard for Plaintiff's clearly established constitutional rights.

**ANSWER: Deny**.

29.     As a direct and proximate result of the Officer Defendants' unconstitutional conduct, Plaintiff suffered damages, including bodily injury, pain, suffering, emotional distress, anguish, and humiliation.

**ANSWER: Deny**.

### COUNT III – UNLAWFUL POLICY AND PRACTICE
### (*Monell* Claim for Damages and Declaratory
### Relief under 42 U.S.C. § 1983)

30.     Plaintiff repeats and re-alleges paragraphs 1 through 29 as if fully set forth in this Count.

31.     The actions of the individual Defendants were undertaken pursuant to policies, practices, and customs of the Cook County Sheriff's Office, described above and below, which were ratified by policymakers for the Cook County Sheriff's Office with final policymaking authority.  Defendant Dart is ultimately responsible for the promulgation of and compliance with policies, practices, and customs of the Sheriff's Office.

**ANSWER: Deny**.

32.     At all times material to this complaint, the Cook County Sheriff's Office has, or at the time of the events complained of had, interrelated *de facto* policies, practices, and customs related to prisoners with known, or likely to be known, aggressive and dangerous tendencies which included, inter alia:

a.     improperly screening and segregating detainees known to be, or charged with violent crimes;

b.     improperly searching or failing to search detainees when leaving bullpen holding cells;

c.     failing to station a sufficient number of Cook County Sheriff officers in the bullpen area to provide for the safety of detainees; and

d.      failing to properly train Cook County Sheriff officers on how and when to search

detainees for objects that could be used as weapons against other inmates.

**ANSWER: Deny**.

33.      The interrelated policies, practices, and customs alleged above were well known within the Cook County Sheriff's Office. During the relevant time period, Defendant Sheriff Dart had notice of these practices adopted by employees of the Cook County Sheriff's Office.

**ANSWER: Deny**.

34.      The widespread practices were allowed to flourish—and become so well settled as to constitute *de facto* policy of the Cook County Sheriff's Office—because policymakers including Defendant Dart, who exercises ultimate authority over policies of the Sheriff's Office, exhibited deliberate indifference to the risk, thereby effectively ratifying practices that allowed them to continue.

**ANSWER: Deny.**

35.      The interrelated policies, practices, and customs alleged above were the direct and proximate cause of the unconstitutional acts committed by the individual Defendants and the injuries suffered by Plaintiff. Had the assailant been properly searched or secured, Plaintiff's damages, including bodily injury, pain, suffering, emotional distress, anguish, and humiliation, could have been prevented or mitigated.

**ANSWER: Deny**.

## **AFFIRMATIVE DEFENSES**

Defendants offer the following affirmative defenses to Plaintiffs' allegations:

1.      Defendants conduct was at all times objectively reasonable and did not violate any of Plaintiffs' clearly established Constitutional rights. In the instant action, Plaintiff cannot establish that Defendanst violated a clearly established constitutional right of which a reasonable

person would have known. Rather, each step taken by Defendants was proper and reasonable.

2.      Defendants are entitled to the defense of Qualified Immunity as defined by the Illinois Local Governmental and Governmental Employee's Tort Immunity Act, hereinafter the Tort Immunity Act, 745 ILCS 10/1-101 et seq., (1995 as amended) and as such can avail themselves of any and all immunities and defenses provided for therein.

3.      Pursuant to § 2-201 of the Tort Immunity Act, Defendants are entitled to immunity where a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for any injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused.

4.      Pursuant to § 2-202 of the Tort Immunity Act, Defendant is not liable for any injury arising from their acts or omissions in the execution or enforcement of any law as their alleged actions did not constitute willful or wanton conduct.

Pursuant to § 2-204 of the Tort Immunity Act, Defendant is not liable for any injury that was caused by the act or omission of another person.

5.      Defendants reserves the right to name affirmative defenses as they become known through further discovery or otherwise in this action.

## JURY DEMAND

Defendants demand a trial by jury.


Respectfully Submitted,

KIMBERLY M. FOX
State's Attorney of Cook County

By: /s/ Bianca B. Brown

   Bianca B. Brown

   Assistant State's Attorney

   500 Richard J. Daley Center

   Chicago, IL 60602

   (312) 603-6638